HONORABLE RONALD B. LEIGHTON

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

KEVIN MASON and ANITA MASON,

11              PlaintiffS,

12        v.

13  THE CITY OF CAMAS, MATT JUSTIS and
    JANE DOE JUSTIS, and DON CHANEY,
14  CHIEF OF POLICE FOR THE CITY OF
    CAMAS POLICE DEPARTMENT,
15
16              Defendants.
17

Case No.  C05-5472 RBL

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
PARTIAL MOTION FOR SUMMARY
JUDGMENT

18        This matter is before the Court on Defendants City of Camas, Camas Chief of Police Don Chaney

19  and Officer Matt Justis' motion for partial summary judgment.  Dkt. # 24-1.  For the reasons set forth

20  below, defense motion for partial summary judgment is GRANTED IN PART AND DENIED IN PART.

21  The remaining issue for trial is plaintiffs' excessive force claim against Officer Justis under 42 U.S.C. §

22
23  1983.

24                              BACKGROUND

25        On the evening of July 14, 2004, Officer Matt Justis was dispatched to Polk Street in Camas to

26  investigate a complaint of two drunk individuals recklessly driving their motorcycles up and down the

27  street.  Declaration of Matt Justis in Support of Defendants' Motion for Partial Summary Judgment, Dkt.

28

ORDER
Page - 1

#25-1 at p. 1 ("Justis Decl."). He was met by Andrea Dole, who told him that her husband and plaintiff Kevin Mason were the two people about whom she had made the complaint. Justis Decl. at p. 2.

After speaking to Ms. Dole, Officer Justis approached the Mason residence. As he did, he observed skid marks that stretched along the length of Polk Street. Officer Justis also noticed "donuts" (circular skid marks) in the intersection. Justis Decl. at p. 2. As Officer Justis grew nearer to the house, he observed a man later identified as Gene Robinson sitting on the front porch. Mr. Robinson identified Mr. Mason, who was standing inside the house. *Id.*

According to Mr. Mason, Officer Justis was angry and aggressive, and took a beer can out of Mr. Mason's hand, throwing it away. Declaration of Kevin Mason, Dkt. #27-1 at p. 2 ("Mason Decl."). Mr. Mason said that he was not going to talk to Officer Justis, and began to walk away. At that point, Officer Justis grabbed Mr. Mason and bent him over the fence. As Mr. Mason moved away from Officer Justis, he climbed over the 3-foot fence that separated the two of them and began to assault Mr. Mason.

Officer Justis then sprayed Mr. Mason with pepper spray, and beat him with a nightstick and his fists, resulting in Mr. Mason's loss of a tooth and injuries to his face, wrist and back. Mr. Mason was arrested and cited with driving under the influence, reckless driving, and resisting arrest. Justis Decl. at p. 4.

Mr. Mason has sued the City of Camas, Camas Police Chief Don Chaney, and Officer Justis under 42 U.S.C. § 1983, claiming he was unlawfully arrested and that he was subjected to excessive force in violation of the Fourth Amendment, and that he was denied due process in violation of the Fourteenth Amendment. He also asserts three state law claims: false arrest, false imprisonment, and malicious prosecution. His wife, Anita Mason, asserts a final state law claim for loss of consortium.

Defendants now move for partial summary judgment on the § 1983 claims, arguing that Officer Justis is qualifiedly immune from any claims and that the City and Chief Chaney are not vicariously liable

under *Monell v. New York City Dep't. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611

(1978).  Defendants also move for summary judgment on the state law claims, arguing that probable cause

is a complete defense to Mr. Mason's alleged false arrest, false imprisonment and malicious prosecution

claims, and that, as a result, Anita Mason's loss of consortium claim fails as well.

DISCUSSION

Summary judgment is appropriate when, viewing the facts in the light most favorable to the

nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a

matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the

non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on

file, "specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317,

324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1980).  "The mere existence of a scintilla of evidence in support of

the non-moving party's position is not sufficient."  *Triton Energy Corp. v. Square D Co.*, 68 F.2d 1216,

1221 (9th Cir. 1995).  Factual disputes whose resolution would not affect the outcome of the suit are

irrelevant to the consideration of a motion for summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  In other words, "summary judgment should be

granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a

verdict in its favor."  *Triton Energy*, 68 F.3d at 122.

**I.  Mr. Mason's § 1983 Claims**

A.  Officer Justis is Partially Qualifiedly Immune from Suit

Officer Justis argues that he is immune from suit under the principle of qualified immunity.

Government officials are "entitled to some form of immunity from suits for damages."  *Harlow v.*

*Fitzgerald*, 457 U.S. 800, 806, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).  State actors other than those such

as judges, legislators, and the President of the United States, are covered under the principle of qualified

immunity.  *See Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).  "[P]ublic officers require this protection to shield them from undue interference with their duties and from potentially disabling threats of liability."  *Harlow*, 457 U.S. at 806.

Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Saucier v. Katz*, 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (internal quotations omitted)).  The principle is an affirmative defense, and must be plead by the defendant official.  *Harlow*, 457 U.S. at 806.  "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."  *Mitchell*, 472 U.S. at 526.  The privilege of qualified immunity is immunity from suit rather than a defense to liability, and like absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.  *Saucier*, 533 U.S. at 200-201.

In determining whether a defendant official is qualifiedly immune from suit, the Court examines two distinct questions.  First, "the Court must determine, as a threshold question, whether Mr. Mason has shown the deprivation of a constitutional right."  *Deorle v. Rutherford*, 272 F.3d 1272, 1278 (9th Cir. 2001).  The initial inquiry is whether, in the light most favorable to the party asserting the injury, the facts alleged show that the officer's conduct violated a constitutional right.  *Saucier*, 533 U.S. at 201.

Only if Mr. Mason has shown that he has been deprived of a constitutional right will the Court continue to the second element, "whether the right violated was clearly established in a particularized sense: the relevant dispositive inquiry is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  *Doerle*, 272 F.2d at 1278-79.  If the allegations are sufficiently established and there is still no violation of the constitutional right, however, the analysis ends

there, and "there is no necessity for further inquiries concerning qualified immunity." *Saucier*, 533 U.S. at 201.

> 1. *The* Terry *Stop*

Mr. Mason has not shown that Officer Justis violated the constitutional right he alleges in stopping and questioning him prior to the arrest.  Police officers may make investigative stops, or *Terry* stops, to make reasonable inquiries of a potential suspect when specific and articulable facts lead the officer to conclude that criminal activity may be afoot.  *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).  Physically "grabbing" a suspect constitutes a seizure.  *United States v. Sokolow*, 831 F.2d 1413 (9th Cir. 1987), *rev'd on other grounds*, 490 U.S. 1, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989) ("Physically grabbing, moving, and seating a suspect to ask questions, even in public, clearly restrains that suspect's liberty.").  However, approaching and questioning someone while standing in their front yard does not constitute a seizure.  *United States v. Summers*, 268 F.3d 683 (9th Cir. 2001); *People v. Melton*, 910 P.2d 672 (Colo. 1996).

Whether a police officer has made a *Terry* stop is a mixed question of law and fact.  *See United States v. Torres-Sanchez*, 83 F.3d 1123, 1127 (9th Cir. 1996).  Even in the light most favorable to the nonmoving party, the specific and articulable facts, along with reasonable inferences from those facts, show that Officer Justis was reasonable in making a *Terry* stop of Mr. Mason.

First, Officer Justis came to the scene as the result of a complaint made by Andrea Dole, the wife of the other person with whom Mr. Mason was accused of driving recklessly.  Mrs. Dole identified Mr. Mason as one of the people who was driving up and down Polk Street, creating the skid marks, and as Officer Justis approached Mr. Mason's house, he observed empty beer cans in the front yard, as well as a partially empty bottle of what turned out to be whiskey.   Mr. Mason disputes none of these facts.

Mr. Mason also admits that he had been drinking.  He drank at least six beers and three shots of

whiskey.  Further, he actually consented to remain with and speak to Officer Justis.  Deposition of Kevin

Mason, Dkt. # 26-2 at p. 10.

While Mr. Mason argues that Officer Justis did not make a *Terry* stop, he has provided no

evidence to support that assertion.  Mr. Mason merely declares that Officer Justis approached him and

began to yell about "donut holes" on the street.  He admits that he had been riding his motorcycle and had

been drinking, but claims that "most of [his] drinking occurred after [he] had put [his] motorcycle safely in

the back of [his] house."  Mason Decl. at p. 1.

Because Officer Justis conducted a legitimate *Terry* stop, there was no constitutional violation

and the court therefore need not address the second prong of the qualified immunity test.  Therefore,

Officer Justis' motion for summary judgment on Mr. Mason's unlawful seizure claim is GRANTED.

### 2. *Mr. Mason's Arrest*

A police officer must have probable cause to make a valid, warrantless arrest.  To make a valid,

warrantless arrest, a police officer must have probable cause.  Probable cause to arrest exists if "the facts

and circumstances within [the officer's] knowledge and of which [he] had reasonably trustworthy

information were sufficient to warrant a prudent man in believing that [the plaintiff] had committed or

[was] committing an offense."  *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).

Under Washington law, a police officer may arrest an individual when he has probable cause to believe that

a misdemeanor is being committed in his presence.  RCW 10.31.100.  An officer is also not required to

have personally witnessed a crime to make a warrantless arrest if he had probable cause to believe one had

been committed.  *Id.*  A person is guilty of reckless driving if he drives a vehicle in "willful or wanton

disregard for the safety of persons or property."  RCW 46.61.500.  A person is guilty of driving under the

influence if he drives a vehicle and is under the influence of intoxicating liquor.  RCW 46.61.502.  If

Officer Justis did not have probable cause to make the arrest, he would have violated Mr. Mason's Fourth Amendment right.

Here, however, even viewing facts in the light most favorable to Mr. Mason, Officer Justis had probable cause to arrest him for driving under the influence, reckless driving, and/or resisting arrest.  First, Officer Justis was called to the scene by Andrea Dole, the wife of Dennis Dole.  Mrs. Dole reported that her husband and Mr. Mason were drunk and driving their motorcycles up and down Polk Street.  Justis Decl. at p. 1.  This is a significantly trustworthy identification.  Officer Justis saw skid marks and "donuts" on the street as he approached Mr. Mason's home.  Further, he noticed many beer cans on Mr. Mason's porch, as well as a partially consumed bottle of whiskey.  Mr. Mason disputes none of these events.  It is true, as Mr. Mason claims, that the tire marks could have been made at any time, but it is equally true that the marks could have been made, and most probably were, when Mrs. Dole complained of her husband and Mr. Mason driving recklessly.  Even if Mr. Mason did not create the skid marks, the probable cause standard requires that the officer must prudently believe that Mr. Mason had committed a crime.  In light of Mrs. Dole's complaint, even excluding the tire marks, as well as the cans of beer and whiskey on Mr. Mason's porch, and Mr. Mason continuing to drink beer in front of Officer Justis, Officer Justis had probable cause to make the arrest.  Mr. Mason's rights, as a "citizen drinking a beer," do not extend so far as to vitiate the probable cause Officer Justis had.

Because Officer Justis did have probable cause to arrest Mr. Mason for driving under the influence or reckless driving, the arrest did not violate any of Mr. Mason's constitutional rights, and the Court will not move to the second prong of the qualified immunity test.  Therefore, Officer Justis' motion for summary judgment on Mr. Mason's unlawful arrest claim is GRANTED.

*3.  Excessive Force*

The qualified immunity inquiry leads to a different result with respect to Mr. Mason's claim of excessive force.  Viewed in the light most favorable to the nonmoving party, the facts show that Officer Justis' conduct violated Mr. Mason's Fourth Amendment right to be free from excessive force.  Mr. Mason claims that not only did Officer Justis bend him over the fence, use pepper spray, and punch him, he claims that Officer Justis beat him with a nightstick.  Officer Justis adamantly denies this.  Mr. Mason has clearly shown that there is a genuine issue of material fact as to whether Officer Justis' conduct violated his constitutional rights.

The second part of the qualified immunity test is whether the standards governing the Officer Justis' conduct in arresting Mr. Mason under the circumstances were clearly established such that a reasonable officer would have known his conduct was not reasonable.  The standards surrounding the use of force, including pulling someone over a fence, using pepper spray and hitting someone with a nightstick, are clearly established.

Because the disputed facts support a claim for excessive force, they similarly support the denial of Officer Justis' summary judgment motion. Officer Justis' motion for summary judgment as to the excessive force claim is DENIED.

B.  Mr. Mason's Claims of Due Process Violations

A claim of excessive force arising out of an investigatory stop is "most properly characterized as one invoking the protections of the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).  A claim against a law enforcement officer for excessive force "in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard, rather than a substantive due process approach." *Id.*

at 395.  Therefore, defendants' motion for partial summary judgment on Mr. Mason's due process claim under the Fourteenth Amendment is GRANTED.

    C.  Chief Chaney is not Liable in his Individual Capacity

    A supervisor may be held personally liable under § 1983 "if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Jackson v. City of Bremerton*, 268 F.2d 646, 653 (9th Cir. 2001).  Chief Chaney admits in his deposition that he "sanctioned . . . and approved" the Use of Force policy.  Dkt. #27-3 at p. 7.  However, it is evident that Chief Chaney was not personally involved in the alleged constitutional violation.  According to the policy Chief Chaney implemented, it was the *supervisor*, Sergeant Nadgwick, who was required to write the Use of Force Policy, not Chief Chaney.  Exhibit B to Plaintiff's Response to Motion for Summary Judgment, Dkt. #27-3 at pp. 9-11.  Because he was not personally involved in the alleged constitutional violation, defendants' motion for summary judgment regarding Chief Chaney's liability is GRANTED.

    D.  The City of Camas and Chief Chaney in His Official Capacity Are Not Vicariously Liable for Officer Justis' Actions

    Mr. Mason also alleges that defendants City of Camas and Chief of Police Chaney are vicariously liable for the actions of Officer Justis.  It is well settled that a "municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. New York City Dep't. of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Municipalities can be held liable, however, if either a policy or custom leads to the violation of the constitutional right.  *Monell*, 436 U.S. at 690-91.  Mr. Mason must "allege that the action inflicting injury flowed from either an explicitly adopted or tacitly authorized city policy." *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir. 1986).  Additionally, Mr. Mason must show that "through [the municipality's] *deliberate* conduct, [it] was the moving force behind the injury alleged." *Bd. of the County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 117 S.Ct. 1382,

137 L.Ed.2d 626 (1997) (emphasis in original).  Further, when a plaintiff tries to use a single incident to demonstrate municipal liability, that liability attaches "only when the decisionmaker possesses 'final authority' to establish municipal policy with respect to the action ordered."  *Collins v. City of San Diego*, 841 F.2d 337 (9th Cir. 1988) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 8 L.Ed.2d 452 (1986)).  The court in *Monell* and *Pembaur* envision that acts to which liability would attach would be those taken by officials "whose edicts may fairly be said to represent official policy."  *Collins* 841 F.2d at 341 (quoting *Pembaur*, 475 U.S. at 480).

Here, Mr. Mason cannot identify a policy that caused the constitutional violation he alleges.  First, Mr. Mason claims that Officer Justis made no "use of force" report, as is required by the department.  The lack of a use of force report, in addition to the absence of oversight regarding Officer Justis' behavior at the scene or follow up on reports of misbehavior demonstrate, Mr. Mason argues, that the city and Chief Chaney are liable for Mr. Mason's constitutional violations.  Mr. Mason is apparently trying to show that the Chief's absence of action regarding the use of force report and following up on reports of Officer Justis' misbehavior constitute implied approval of the constitutional injury, citing *White v. Washington Public Power Supply System*, 692 F.2d 1286 (9th Cir. 1982).  However, "[t]here must be a showing either of official sanction of the agent's acts . . . or impliedly or tacitly authorized . . . conduct as a matter of course on the part of the employer in failing to correct known slurs or other discriminatory acts of its employees."  *White*, 692 F.2d at 1290.

However, here there is neither official sanction nor impliedly authorized conduct as a matter of course, there is merely the absence of a report, and an absence of follow up.  Chief Chaney was not aware that the Use of Force report had not been completed until he received notice of the complaint.  Exhibit B to Plaintiff's Response to Motion for Summary Judgment, Dkt. #27-3 at p. 9.  Consequently, he could not have known of, or sanctioned, the absence of the report.  Additionally, the chief of police cannot be

expected to be the direct supervisor of an officer whose supervision, or lack thereof, would result in the kind of statement of official policy considered in *Monell* and *Pembaur*.    Further, no lack of action led to Mr. Mason's alleged constitutional injury, because it occurred before Chief Chaney's involvement.  Even assuming that Officer Justis did violate Mr. Mason's constitutional rights, the violation took place prior to Chief Chaney's knowledge of the events.

Therefore, because Mr. Mason has not shown that the city's deliberate conduct regarding a policy that led to his constitutional violation is an issue of material fact, and because Chief Chaney had no personal involvement with the events that led to Mr. Mason's alleged constitutional violation, defendants' motion for summary judgment as to the City of Camas and Chief Don Chaney's liability is GRANTED.

**B.  Mr. Mason's State Law Claims**

Probable cause is a complete defense to an action for false arrest and imprisonment.  *Hanson v. City of Snohomish*, 121 Wn.2d 552, 563, 852 P.2d 295 (1993).  Probable cause is also a complete defense to a claim for malicious prosecution.  *Id*. at 558.

As stated above, Officer Justis had probable cause to arrest Mr. Mason for either driving under the influence or reckless driving.  Therefore, he cannot have falsely arrested or imprisoned, or maliciously prosecuted Mr. Mason.  Additionally, Anita Mason's loss of consortium claim is based on Mr. Mason's state law claims.  Mrs. Mason's claims for loss of consortium require that a state law tort be committed against her husband, and as those claims have been dismissed, Mrs. Mason's claim also fails.  *Conradt v. Four Star Promotions, Inc.*, 45 Wn. App. 847, 852-53, 728 P.2d 617 (1986).  Therefore, the defense motion for summary judgment on all state law claims, including Mrs. Mason's loss of consortium claim, is GRANTED.

CONCLUSION

Defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART as follows:

1) Because Officer Justis conducted a legitimate *Terry* stop, there was no constitutional violation and the court therefore need not address the second prong of the qualified immunity test.  Officer Justis is qualifiedly immune on Mr. Mason's unlawful seizure claim and his motion for summary judgment on this issue is GRANTED

2) Because Officer Justis did have probable cause to arrest Mr. Mason for driving under the influence or reckless driving, the arrest did not violate any of Mr. Mason's constitutional rights.  Officer Justis is therefore qualifiedly immune on Mr. Mason's unlawful arrest claim and Officer Justis' motion for summary judgment on this issue is GRANTED.

3) Because the disputed facts support a claim for excessive force, Mr. Mason has shown that there is an issue of material fact as to whether Officer Justis violated his Fourth Amendment rights, and because the law surrounding excessive force is clearly established, Officer Justis is not qualifiedly immune on Mr. Mason's claim of excessive force.  Officer Justis' motion for summary judgment as to the issue of excessive force is DENIED.

4) Because he was not personally involved in the alleged constitutional violation, defendants' motion for summary judgment regarding Chief Chaney's liability in his individual capacity is GRANTED.

5) Because Chief Chaney had no personal involvement with the events that led to Mr. Mason's alleged constitutional violation, and because there was no deliberate act on the party of the City of Camas to enact a policy that led to Mr. Mason's alleged constitutional violation, defendants' motion for summary judgment as to the City of Camas and Chief Don Chaney in his official capacity is GRANTED.

6)  Because probable cause is a complete defense to Mr. Mason's state law claims, and because Mrs. Mason's loss of consortium fails as a result of the failure of Mr. Mason's state law claims, defendants' motion for summary judgment on all state law claims is GRANTED.

Mr. Mason's state law claim for false arrest, false imprisonment, malicious prosecution, and loss of consortium are DISMISSED.  Mr. Mason's Fourth and Fourteenth Amendment claims under § 1983 for unlawful seizure, unlawful arrest and due process are also DISMISSED.  The only remaining issue for trial is Mr. Mason's 1983 claim of excessive force against Officer Justis.


Dated this 6th day of October, 2006.



RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE